ORANGE DISTRICT COURT.

HELEN RESNICK, PLAINTIFF, v. CALEDONIA BUILDING
AND LOAN ASSOCIATION, DEFENDANT.

Decided May 8, 1936.

For the plaintiff, *Laurence Semel.*

For the defendant, *Herman B. Licks.*

CALHOUN, D. C. J.   Plaintiff sues to recover the sum of
$500, the amount alleged to be due in excess of that amount
being expressly waived.   There is no serious dispute as to the
facts involved.   Briefly they are as follows:

On May 12th, 1924, Abraham Kaplan became a member
of the defendant association and obtained a mortgage from
it in the sum of $14,000, pledging, as collateral security for
the payment of the same, seventy shares of the forty-fifth
series of defendant's stock.

On September 15th, 1925, plaintiff, Helen Resnick, pur-
chased the mortgaged premises from Kaplan, assuming the
mortgage, and the shares issued to Kaplan were assigned to
plaintiff.

In June, 1932, plaintiff requested from defendant a state-

ment of the amount due on her mortgage, and defendant's secretary issued a statement showing the original amount of the mortgage to be $14,000, and charging five months due in arrears at $70 a month, making a total of $350, and five months' arrears of interest at $70 a month, making $350, aggregating the sum of $14,700; and crediting dues paid in of $6,700 and profits of $1,891.84, making a total credit of $8,611.84, and leaving a net balance due of $6,088.16.

About February 1st, 1933, defendant issued another statement to plaintiff showing the amount of the mortgage to be $14,000, charging arrears of interest, $490, and February interest of $70, plus a withdrawal charge of $210 and fines of $35, increasing the gross amount of the mortgage to $14,805, and crediting for dues paid $6,860, and profits of $1,891.84 less twenty per cent., amounting to $378.36, making a net amount due on the mortgage of $6,431.52.

Plaintiff desiring to cancel her mortgage paid the above amount under protest, objecting specifically to the charge of three months' interest amounting to $210 and the deduction of twenty per cent. of the profits amounting to $378.36.

On June 30th, 1930, a resolution was passed by defendant that mortgage holders desiring to pay off their indebtedness be charged an additional period of two months over what is due.

On April 15th, 1932, defendant passed a resolution to take effect as of March 1st, 1932, that on withdrawals, profits are to be paid at the rate of 10 per cent. of the amount of profits credited for each fiscal year that the shares have run.

Plaintiff claims that defendant had no legal right to arbitrarily deduct twenty per cent. of the profits, and further claims that defendant was guilty of usury in charging interest for three months in advance upon the payment of her mortgage as well as interest for the balance of the month of February; it having received payment in full for principal and interest on February 10th, 1933.

There is no question that defendant had the right, after one year, under section 49, *Pamph. L.* 1925, *p.* 211 (as amended by act of April 21st, 1932, *Pamph. L., p.* 161;

*N. J. St. Annual* 1932, § 27-R (49), of the Building and Loan act, to withhold a reasonable share of the profits upon withdrawal by a shareholder prior to maturity, in anticipation of future losses.

Defendant's constitution, article 2, section 6, also provides, *inter alia*, that after the first year withdrawing stockholders are entitled to such share of the profits as may be determined by the board of directors; and the board by resolution effective as of March 1st, 1932, provided that on withdrawals, profits are to be paid at the rate of ten per cent. credited for each fiscal year that the shares have run.

In arbitrarily deducting twenty per cent. of the profits allotted plaintiff's shares, defendant does not appear to have complied with its resolution providing for a credit of ten per cent. for each fiscal year that the shares have run. No evidence was introduced by defendant to show what the amount of profits computed in accordance with its resolution would be, and I am of the opinion that the twenty per cent. deducted, amounting to $378.33 with interest from the date of payment, February 10th, 1933, should be repaid to plaintiff.

As to plaintiff's claim that she was charged interest for the entire month of February, 1933, it is not contained in the state of demand and consequently is not considered.

Plaintiff also objects to the deduction by defendant of $210, for the privilege of paying off her mortgage prior to maturity; defendant justifies this deduction by virtue of a resolution passed June 30th, 1930, reading as follows: "A motion was made and seconded that until further notice mortgage holders who wish to pay off their mortgage be charged interest for a period of two months over what is ordinarily due." It will be noticed that this resolution provides for the payment of two, not three, months of additional interest, and no authority to charge the $70 for the additional month's interest by defendant has been shown.

Plaintiff is entitled to the return of the additional month's interest charged her amounting to $70, plus interest from February 10th, 1933, the date of payment.

It might well be that plaintiff's contention that the exac-

tion by defendant of two months' additional interest upon the repayment of its mortgage is usurious is sound, if the mortgage had matured; but in the case at bar, the mortgage was paid prior to maturity and payment could not have been demanded by defendant at that time.

The fact that defendant used the term "interest" in its resolution as to the payment to be made by stockholders desiring to withdraw prior to maturity is perhaps unfortunate, but is, in my opinion, to be construed as a yardstick to determine the additional amount to be charged for the privilege of so withdrawing.

A payment so made is not usury, either under our statutes or decisions, as it is not the taking of illegal interest for a loan of money, or the forbearance or extension of a debt, but on the contrary is a payment made by plaintiff for the sole privilege of anticipating her debt prior to its due date, and before demand for it could be made by defendant.

The payments made by plaintiff were all made under protest.

Judgment may be entered for plaintiff for the sum of $500, any amount in excess of that sum to be waived, as it exceeds the jurisdiction of this court.